**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAFAEL MARQUEZ-CARDOSA,** | : | **CIVIL ACTION NO. 1:05-CV-1956** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, YORK COUNTY PRISON,** | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 20th day of October 2005, upon preliminary review of the petition for writ of habeas corpus (Doc. 1),[1] in which petitioner, a detainee of the Bureau of Immigration and Customs Enforcement presently incarcerated at the York County Prison, challenges his extradition to the State of Delaware,[2] and it appearing that petitioner has not exhausted his state court remedies with regard to

---

[1] See R. GOVERNING § 2254 CASES R.4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[2] In addition to seeking relief from his impending transfer to the State of Delaware, petitioner, who is a citizen of Mexico and appears to be subject to a final order of deportation, seeks to be released from custody, or to be deported to Mexico. (Doc. 1, p. 4).

the extradition proceedings,³ 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."); See Rose v. Lundy, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."), it is hereby ORDERED that:

1. Petitioner's application to proceed *in forma pauperis* (Doc. 4) is GRANTED.

2. The petition is DISMISSED without prejudice for failure to exhaust state court remedies.

3. A certificate of appealability is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

³ No person arrested upon an extradition warrant may be delivered over to the demanding state unless he is first taken before a state judge of a court of record "who shall inform him of the demand made for his surrender and of the crime with which he is charged and that he has the right to demand and procure legal counsel, and, if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus." 42 PA. CONS. STAT. ANN. § 9131, see Commonwealth v. Fucci, 398 Pa.Super. 617, 620, 581 A.2d 634, 635 (1990). In March 2005, in the context of the extradition proceedings, petitioner was afforded the opportunity to file a writ in the Pennsylvania state courts. (Doc. 1, Ex. 3)  Thus far, petitioner has failed to do so. (Id.).  However, petitioner has not yet been extradited to the State of Delaware and it is presumed that this remedy is still available.